IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EMED TECHNOLOGIES CORPORATION, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civil Action No. 2:17-cv-728 |
| ) | |
| REPRO-MED SYSTEMS, INC. ) | JURY TRIAL DEMANDED |
| (D/B/A RMS MEDICAL PRODUCTS), ) | |
| ) | |
| DEFENDANT. ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF RESPONSE TO REPRO-MED SYSTEMS, INC. (D/B/A RMS MEDICAL PRODUCTS)'S MOTION TO DISMISS OR TRANSFER UNDER RULE 12(B)(3)**

EMED Technologies Corporation ("EMED") requests the Court deny Defendant Repro-Med Systems, Inc. (d/b/a RMS Medical Products) (hereinafter referred to as "RMS") Motion to Dismiss or Transfer Under Rule 12(b)(3) ("Motion to Dismiss").[1]

Plaintiff supplements with deposition evidence[2] establishing Defendant has committed acts of infringement in this District and has a regular and established place of business in this District and Forum.[3]

**I.   VENUE IS PROPER IN THE EASTERN DISTRICT OF TEXAS BECAUSE RMS HAS A REGULAR AND ESTABLISHED PLACE OF BUSINESS IN THIS DISTRICT.**

There is no precise rule for determining venue and each case depends on its own facts.[4] However, the following guidance was provided by the Federal Circuit in *Cray*:

---

[1] *See* Document Number (ECF) #7.
[2] Depositions were taken of a 30(b)(6) venue witness for RMS and a 30(b)(6) venue deposition of RMS's distributor Rightway Medical Technologies.
[3] *See, e.g.,* 28 U.S.C. § 1400(b); *In re Cray Inc.*, 871 F.3d 1355, 1360-1363 (Fed. Cir. 2017).
[4] *See In re Cray Inc.*, 871 F.3d at 1362.

1

> The statutory language we need to interpret is "where the defendant . . . has a **[]** regular and established place of business." *28 U.S.C. § 1400(b)*. The noun in this phrase is "place," and "regular" and "established" are adjectives modifying the noun "place." The following words, "of business," indicate the nature and purpose of the "place," and the preceding words, "the defendant," indicate that it must be that of the defendant. Thus, *§ 1400(b)* requires that "a defendant has" a "place of business" that is "regular" and "established." All of these requirements must be present.[5]

RMS's two distributors have locations in this District that meet the §1400(b) requirements, i.e., RMS uses its distributors, specifically including its distributors in this District, to conduct its business, at least as independent sales representatives, and each distributor has a place of business that is regular and established.

### A. RMS uses it distributors as a physical place in the district.

As *Cray* instructed, the first requirement is a "physical place in the district."[6] RightWay Medical Technologies ("RightWay") has an office at 180 Industrial Boulevard, McKinney, Texas, 75069 ("RightWay's McKinney Location") in this District.[7] The office opened by at least July 17, 2017[8] and is still in operation.[9] Further, RightWay sells and offers for sale RMS products, as confirmed by Isaac Mowder of RightWay and RMS's 30(b)(6) for venue and CFO, Karen Fisher,[10] including the needle sets which are the subject of this litigation.[11]

---

[5] *See id.* at 1361-2.

[6] *See id.* at 1362.

[7] *See* Exhibit A, Deposition of Isaac Mowder ("Mowder Depo.") at Page 18, lines 16-21 ("18:16-21"). Plaintiff requests the Court take judicial notice that the zip code 75069 is in this judicial district, as confirmed by http://www.uscourts.gov/court-locator.

[8] See Ex. A, Mowder Depo. at 18:22-25.

[9] See *id.* at 19:1-3.

[10] See Ex. A, Mowder Depo. at 21:6-8; *See* Exhibit B ("Ex. B"), Confidential Deposition of RightWay 30(b)(6), Karen Fisher ("Fisher Depo.") at 26:19-25 and 81:9-82:21, Ex. 13, infringement contentions (under seal).

[11] See Ex. A, Mowder Depo. at 9:16-10:23 and 43:20-24; See Ex. B, Fisher Depo. at 26:19-25 and 81:9-82:21 (under seal).

The Court in *Cray* went on to provide that "[w]hile the 'place' need not be a 'fixed physical presence in the sense of a formal office or store,' *Cordis*, 769 F.2d at 737, there must still be a physical, [] geographical location in the district from which the business of the defendant is carried out."[12] The business of RMS is selling medical products, specifically for this litigation, selling RMS needle sets as provided in EMED's infringement contentions (the products listed in EMED's infringement contentions are referred to as the RMS Products").[13] RightWay sells and offers for sale the RMS Products, as it sells all RMS products,[14] including offers for sale from its location in this District.[15]

### B. RMS's Distributor RightWay has a regular and established place of business in this District.

RightWay's McKinney Location, in this District, is a regular and established place of business because it operates in a steady, uniform, orderly, and methodical manner.[16] RightWay opened its location in this District by at least July 17, 2017[17] and it is still operating today.[18] In fact, RightWay's sales person, Jeff Foust, is based in the RightWay location in this District.[19] Thus, RightWay's McKinney Location is a regular and established place of business.[20]

### C. RightWay's location in this District is a place of business of RMS.

#### 1. The factors for consideration are not limited to those from *Cray*.

---

[12] *See In re Cray Inc.*, 871 F.3d at 1362.
[13] See Ex. B, Fisher Depo. at 18:18-21 and 81:9-82:21 (under seal).
[14] See Ex. A, Mowder Depo. at 21:2-22:10.
[15] See *id.* at 52:22-53:7.
[16] *See, e.g., id.*
[17] See *id.* at 18:22-25.
[18] See *id.* at 19:1-3.
[19] See *id.* at 49:9-19.
[20] *See In re Cray Inc.*, 871 F.3d at 1362.

3

The third *Cray* requirement for establishing venue is the location must be of the defendant.[21] *Cray* provides several considerations, including:

(1) marketing and advertisement of the defendant that indicate the location is a place of the defendant;[22]

(2) a defendant's listing on a website of the location;[23] and,

(3) "the nature and activity of the alleged place of business of the defendant in the district *in comparison with* that of other places of business of the defendant in other venues."[24]

Further, the Federal Circuit did not provide that these are exclusive considerations. Thus, prior case law considerations still apply,[25] including, but not limited to:

- storing literature, documents, or products in that office;[26]
- storing records in that office;[27]
- completing paperwork and performing of administrative tasks in that office;[28]
- keeping order forms and advertising literature in an office;[29]
- submitting reports and records;[30]
- engagement, in the district, of a secretarial service to receive messages, provide typing services, mail business literature, and receive shipments of sales literature;[31]
- displaying samples of defendant's products in an office;[32]
- hiring an independent sales company;[33]

---

[21] *See In re Cray Inc.*, 871 F.3d at 1363.
[22] *See id.* ("Marketing or advertisements also may be relevant, but only to the extent they indicate that the defendant itself holds out a place for its business.")
[23] *See id.* ("[W]hether the defendant lists the alleged place of business on a website….")
[24] *See id.*
[25] *See id.* at 1366 ("We stress that no one fact is controlling.").
[26] *See In re Cordis*, 769 F.2d 733, 735, 737 (Fed. Cir.1985).
[27] *See 3M v. Johnson & Johnson Prods.*, 1986 U.S. Dist. LEXIS 15763, at *14 (D. Minn. 1986).
[28] *See id.*
[29] *Stiegele*, 213 F. Supp. at 495.
[30] *See 3M*, 1986 U.S. Dist. LEXIS 15763, at **13, 14.
[31] *See id.* at **13, 14.
[32] *Stiegele*, 213 F. Supp. at 495.
[33] *See 3M*, 1986 U.S. Dist. LEXIS 15763, at *13.

- soliciting orders;[34]
- "merely securing orders and forwarding them" to another office;[35]
- demonstrating defendant's products;[36] and,
- office receiving of defendant's product returned for servicing or repair and forwarding them for actual servicing and repair.[37]

### 2. Application of these considerations to RightWay's McKinney Location establish it is a place of business of RMS.

From *Cray*, we know a business is a place of business of the defendant if the location is important in conducting the business of the defendant.[38] Here, the end customers of the RMS Products require RMS to conduct its business through distributors. As RMS's CFO stated, "[C]ustomers prefer to go through a distributor because it's more convenient for them."[39] RightWay confirmed that customers require RMS to sell through distributors."[40] Thus, RMS uses RightWay to conduct its business, a key requirement of *Cray*.[41] Moreover, RightWay's McKinney Location provides a direct benefit to RMS's business.[42] Thus, RightWay's McKinney Location is a place of business of RMS.

Further *Cray* considerations support the conclusion that RightWay's McKinney Location is a place of business of RMS, including:

- Defendant's listing of RightWay as a distributor for the RMS Product on its website;[43]

---

[34] *See id.* at **13, 14; *Stiegele*, 213 F. Supp. at 495; *Latini*, 90 F. Supp. at 214.

[35] *See Latini*, 90 F. Supp. at 214.

[36] *See 3M*, 1986 U.S. Dist. LEXIS 15763, at *13; *Stiegele*, 213 F. Supp. at 495.

[37] *See Stiegele*, 213 F. Supp. at 495.

[38] *See In re Cray Inc.*, 871 F.3d at 1365.

[39] See Ex. B, Fisher Depo. at 72:16-73:3 (under seal).

[40] See Ex. A, Mowder Depo. at 57:8-59:2.

[41] *See In re Cray Inc.*, 871 F.3d at 1362.

[42] *See* Ex. A, Mowder Depo. at 58:8-23.

[43] *See* Deposition of Karen Fisher ("Fisher Depo."), Exhibit C ("Ex. C") at 19:11-22:12 and 23:3-13; *See In re Cray Inc.*, 871 F.3d at 1363.

- the nature of RMS's business requires the use of distributors; and
- each RMS distributors can sell the RMS Product.[44]

Considerations from other cases further support the conclusion that RightWay's McKinney Location is a place of business of RMS:

- RightWay stores products in RightWay's McKinney Location and sales literature;[45]
- RightWay stores records in RightWay's McKinney Location;[46]
- RightWay performs administrative tasks related to offering for sale and selling products, including maintaining a full-time sales person, Jeff Foust, at RightWay's McKinney Location;[47]
- RightWay opened the RightWay's McKinney Location to better serve its customers in the West and Southwest areas of the country;[48]
- RightWay submits product defects to RMS, if needed;[49]
- RightWay's McKinney Location has a telephone and can take product orders, including orders for the RMS Product;[50]
- RightWay's McKinney Location would store the RMS Product if it had a customer ordering the RMS Product;[51]
- RMS works with RightWay as its independent sales force;[52]
- RightWay's McKinney Location solicits sales for the RMS product, if requested;[53]
- RightWay displays RMS's products at tradeshows;[54]
- RightWay would contact RMS for any warranty issues and RMS would service any

---

[44] *See* Ex. B, Fisher Depo. at 26:15-25 (under seal); See Ex. A, Mowder Depo. at 9:16-10:23; *See In re Cray Inc.*, 871 F.3d at 1363.

[45] *See* Ex. A, Mowder Depo. at 23:4-5 and 32:11-25; *See In re Cordis*, 769 F.2d 733, 735, 737 (Fed. Cir.1985).

[46] *See* Ex. A, Mowder Depo. at 59:16-21; *3M v. Johnson & Johnson Prods.*, 1986 U.S. Dist. LEXIS 15763, at *14 (D. Minn. 1986).

[47] *See* Ex. A, Mowder Depo. at 49:9-19; *3M v. Johnson & Johnson Prods.*, 1986 U.S. Dist. LEXIS 15763, at *14 (D. Minn. 1986).

[48] *See* Ex. A, Mowder Depo. at 46:12-18; *Stiegele*, 213 F. Supp. at 495.

[49] *See* Ex. A, Mowder Depo. at 24:15-24; *3M*, 1986 U.S. Dist. LEXIS 15763, at **13, 14.

[50] *See* Ex. A, Mowder Depo. at 22:11-23:15; *3M*, 1986 U.S. Dist. LEXIS 15763, at **13, 14.

[51] *See* Ex. A, Mowder Depo. at 23:12-15; *Stiegele*, 213 F. Supp. at 495.

[52] *See* Ex. B, Fisher Depo. at 87:8-19 (under seal); *3M*, 1986 U.S. Dist. LEXIS 15763, at **13, 14.

[53] *See* Ex. A, Mowder Depo. at 52:4-53:7; *3M*, 1986 U.S. Dist. LEXIS 15763, at **13, 14; *Stiegele*, 213 F. Supp. at 495; *Latini*, 90 F. Supp. at 214.

[54] *See* Ex. A, Mowder Depo. at 54:3-16; *3M*, 1986 U.S. Dist. LEXIS 15763, at *13; *Stiegele*, 213 F. Supp. at 495.

6

- warranty issues[55]
- RightWay is licensed to do business in the State of Texas;[56]
- RightWay pays taxes in the State of Texas for the products it sells;[57]
- RMS uses RightWay like a distribution center to reach customers;[58]
- RMS paid RightWay's expenses for the deposition taken by EMED on April 16, 2018;[59]
- RightWay sells the RMS Product in the RMS packaging;[60]
- RightWay sells the RMS Product with the RMS product number;[61]
- RMS sales representatives contact RMS Product distributors;[62]
- RightWay's inside salesperson, Daniel Marriott's responsibilities include answering the phone, responding to new in-bound inquiries[63] and marketing RightWay and its products, including RMS Products, if requested;[64] and,
- RMS sales representatives provide price sheets to RMS product distributors.[65]

Thus, RightWay's McKinney Location is an RMS place of business for selling the RMS Products.

### D. RightWay's McKinney Location is a Place of Business of RMS

Applying the Federal Circuit's guidance to this present case's evidence shows RMS uses its distributors, specifically including RightWay, to conduct its business, at least as independent sales representatives, and RightWay has a place of business that is regular and established. Therefore, venue is proper in this District.

### II. Plaintiff requests leave to amend if the Court determines its venue pleadings not sufficient in its Original Complaint

If the Court determines Plaintiff's venue pleadings are insufficient, Plaintiff requests leave to amend. This request for leave is in the interests of justice, not for purposes of delay and will

---

[55] *See* Ex. B, Fisher Depo. at 67:20-69:11 (under seal); *Stiegele*, 213 F. Supp. at 495.

[56] *See* Ex. A, Mowder Depo. at 41:19-21.

[57] *See id.* at 49:20-50:3.

[58] *In re Cray Inc.*, 871 F.3d at 1364-1365.

[59] *See* Ex. A, Mowder Depo. at 12:6-12.

[60] *See* Ex. A, Mowder Depo. at 20:8-13.

[61] *See id.* at 20:14-16.

[62] *See* Ex. B, Fisher Depo. at 70:1-6 (under seal).

[63] *See* Ex. A, Mowder Depo. at 38:3-8.

[64] *See* E *id.* at 52:22-53:7.

[65] *See id*.

not unduly prejudice Defendants. Moreover, leave should be freely granted as the decision from *Cray*[66] is new and the area of law unsettled.

### III. CONCLUSION AND PRAYER

Plaintiff respectfully prays that the Court deny Defendant's Motion to Dismiss or Transfer. Further, plaintiff requests the opportunity to conduct discovery related to venue.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

**Hicks Thomas, LLP**

John B. Thomas (Co-Counsel)
jthomas@hicks-thomas.com
Texas Bar No. 19856150
700 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 547-9100
Facsimile: (713) 547-9150

**Attorneys for Traxcell**

---

[66] *In re Cray Inc.*, 871 F.3d at 1364-1365.

## CERTIFICATE OF SERVICE

    Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served today, April 30, 2018, with a copy of the foregoing via the Court's CM/ECF system.

                                               /s/ William P. Ramey, III
                                               William P. Ramey, III